IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINMAR CORPORATE PROMOTIONS, INC. and GINA CANTAVE, <br><br> Plaintiffs, <br><br> v. <br><br> CARDINAL HEALTH, INC. <br><br> Defendant | ) <br> ) <br> ) <br> ) No. 08 cv 4109 <br> ) <br> ) Judge Darrah <br> ) Magistrate Judge Cox <br> ) <br> ) <br> ) |

**PLAINTIFFS' MOTION FOR ORDER TO PRESERVE EVIDENCE**

Plaintiffs, through counsel, hereby move the Court for an order requiring defendant Cardinal Health, Inc. to preserve documents that they know, or reasonably should know, are relevant to the above titled action. Plaintiffs seek to prevent parties from altering or destroying such information. This motion is based on this motion and memorandum of points and authorities, as well as any declarations, exhibits, and evidence filed in support thereof, and the pleadings and papers filed in this action.

Dated: July 31, 2008                                Respectfully submitted,

                                                    GINMAR CORPORATE
                                                    PROMOTIONS, INC. and GINA
                                                    CANTAVE

                                                    /s/ Steven E. Schwarz_____
                                                    Steven E. Schwarz, Esq.
                                                    THE LAW OFFICES OF
                                                    STEVEN E. SCHWARZ, ESQ.
                                                    2461 W. Foster Ave., #1W
                                                    Chicago, IL 60625

(773) 837-6134 (tel)
(773) 275-0202 (fax)
Stevenschwarz23@yahoo.com

One of Their Attorneys

Steven E. Schwarz, Esq.
THE LAW OFFICES OF
STEVEN E. SCHWARZ, ESQ.
2461 W. Foster Ave., #1W
Chicago, IL 60625
(773) 837-6134

Carl J. Mayer, Esq.                         Walter R. Dale, Esq.
MAYER LAW GROUP LLC              LAW OFFICES OF WALTER R. DALE
1040 Avenue of the Americas, Suite 240   105 W. Madison Ave., 23rd Floor
New York, NY 10018                        Chicago, IL 60602
DIRECT:  (212) 382-4686
FAX:  (212) 382-4687

Attorneys for Plaintiffs

Dated:  July 31, 2008

## CERTIFICATE OF SERVICE

I, Steven E. Schwarz, an attorney, hereby certify that, on this 31st day of July, 2008, I served the foregoing Motion For Order To Preserve Evidence on counsel for defendant by first class mail addressed to:

> Wendy Hufford, Esq.
> General Counsel
> Cardinal Health, Inc.
> 7000 Cardinal Place
> Dublin, OH 43017

> By: /s/ Steven E. Schwarz
> Steven E. Schwarz, Esq.
> THE LAW OFFICES OF
> STEVEN E. SCHWARZ, ESQ.
> 2461 W. Foster Ave., #1W
> Chicago, IL 60625
> (773) 837-6134 (tel)
> (773) 275-0202 (fax)
> Stevenschwarz23@yahoo.com
>
> Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GINMAR CORPORATE PROMOTIONS, INC. and GINA CANTAVE, | ) ) ) | |
| Plaintiffs, | ) ) | No. 08 cv 4109 |
| v. | ) ) | Judge Darrah |
| CARDINAL HEALTH, INC. | ) ) | Magistrate Judge Cox |
| Defendant | ) ) | |

Having given full consideration to all of Plaintiffs' papers, evidence, and the relevant authorities, all of Defendant's responses thereto, and good cause appearing, plaintiffs' motion to preserve evidence is GRANTED. It is HEREBY ORDERED as follows:

1. Defendant Cardinal Health, Inc. and its employees, officers, agents, servants, contractors, carriers, bailees, attorneys, or persons in active concert or participation with them must take all necessary actions to prevent the destruction or alteration of what they know, or reasonably should know, will be relevant evidence in this litigation, including any evidence the destruction of which would prejudice another party.

2. "Evidence" is to be interpreted broadly to include, without limitation, writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voicemail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, disks and cards, printouts, document image files, web pages, databases, spreadsheets, software, videos, webcasts, videotapes, digital video discs, compact discs, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts,

diagrams, graphic presentations, drawings, films, digital or chemical process photographs, phonographic, tape or digital records or transcripts thereof, drafts, jottings and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata is also included in this definition.

3. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be subject to discovery under Fed.R.Civ.P. 26, 45 and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, concealment, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

4. Counsel is under an obligation to exercise reasonable efforts to identify and notify parties and nonparties, including employees and agents of corporate or institutional parties and non-parties, who possess or will possess materials reasonably anticipated to be relevant in this action.

5. Counsel for Defendant Cardinal Health, Inc. are directed to inquire of their client if the business practices of Defendant involve the routine destruction, recycling, relocation, or mutation of such materials and, if so, direct Defendant either to:

    (1) halt such business processes;

    (2) sequester or remove such material from the business process; or

    (3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

6. Defendant Cardinal Health, Inc. will, within 10 days after receiving this Order, designate an individual who shall be responsible for ensuring that Defendant carries out the

requirements of this Order.  As part of his or her requirements, this individual shall identify to the Court any documents pertaining to this litigation that have already been destroyed

Dated: _____    _____
JOHN W. DARRAH
United States District Judge