IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINMAR CORPORATE PROMOTIONS, INC. and GINA CANTAVE, | )<br>)<br>) |
| Plaintiffs, | ) No. 08 cv 4109<br>) |
| v. | ) Judge Darrah<br>) Magistrate Judge Cox |
| CARDINAL HEALTH, INC. | )<br>) |
| Defendant | ) |

**PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE**

Plaintiffs Gina Cantave and Ginmar Corporate Promotions, Inc. ("Ginmar"), through counsel, hereby move this Court for an Order directing Defendant Cardinal Health, Inc. ("Cardinal") to appear and show cause why Defendant should not be found in contempt for failing to comply with the Court's August 19, 2008 Order. In support of this Motion, Plaintiffs state as follows:

1. On August 19, 2008, this Court entered an Order requiring the Defendant to preserve all evidence relevant to this litigation. As part of the Order, the Court directed the Defendant to "within 10 days after receiving this Order, designate an individual who shall be responsible for ensuring that Defendant carries out the requirements of this Order. As part of his or her requirements, this individual shall identify to the Court any documents pertaining to this litigation that have already been destroyed." (Exhibig A at 2, 3, ¶ 6)

2. More than 10 days have elapsed since Defendant received the Court's Order and, to date, Defendant has failed to comply with the Order by failing to notify the

Court that it has designated such an individual required by the Order and by failing to identify to the Court of any documents pertaining to this litigation that have already been destroyed.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order directing the Defendant to appear and show cause why it should not be held in contempt for failing to comply with the Court's August 19, 2008 Order. Plaintiffs further request that this Court award them their attorneys' fees and costs incurred in bringing this motion.

Dated: September 4, 2008             Respectfully submitted,

                                     GINMAR CORPORATE
                                     PROMOTIONS, INC. and GINA
                                     CANTAVE

                                     /s/ Steven E. Schwarz_____
                                     Steven E. Schwarz, Esq.
                                     THE LAW OFFICES OF
                                     STEVEN E. SCHWARZ, ESQ.
                                     2461 W. Foster Ave., #1W
                                     Chicago, IL 60625
                                     (773) 837-6134 (tel)
                                     (773) 275-0202 (fax)
                                     Stevenschwarz23@yahoo.com

                                     One of Their Attorneys


                                     Steven E. Schwarz, Esq.
                                     THE LAW OFFICES OF
                                     STEVEN E. SCHWARZ, ESQ.
                                     2461 W. Foster Ave., #1W
                                     Chicago, IL 60625
                                     (773) 837-6134

Carl J. Mayer, Esq.                  Walter R. Dale, Esq.

MAYER LAW GROUP LLC
1040 Avenue of the Americas, Suite 240
New York, NY 10018
DIRECT: (212) 382-4686
FAX: (212) 382-4687

LAW OFFICES OF WALTER R. DALE
105 W. Madison Ave., 23rd Floor
Chicago, IL 60602

Attorneys for Plaintiffs

Dated: September 4, 2008

**CERTIFICATE OF SERVICE**

      I, Steven E. Schwarz, an attorney, hereby certify that, on this 4th day of September, 2008, I filed the foregoing Motion For Order To Show Cause using the Court's CM/ECF system which will send an electronic copy of the document to all counsel registered with that system.

      By:  /s/ Steven E. Schwarz_____
Steven E. Schwarz, Esq.
THE LAW OFFICES OF
STEVEN E. SCHWARZ, ESQ.
2461 W. Foster Ave., #1W
Chicago, IL 60625
(773) 837-6134 (tel)
(773) 275-0202 (fax)
Stevenschwarz23@yahoo.com

Attorney for Plaintiffs




IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINMAR CORPORATE PROMOTIONS, INC. and GINA CANTAVE, <br><br>Plaintiffs, <br><br>v. <br><br>CARDINAL HEALTH, INC. <br><br>Defendant | ) ) ) ) ) No. 08 cv 4109 ) ) Judge Darrah ) Magistrate Judge Cox ) ) ) |

Having given full consideration to all of Plaintiffs' papers, evidence, and the relevant authorities, all of Defendant's responses thereto, and good cause appearing, plaintiffs' motion to preserve evidence is GRANTED. It is HEREBY ORDERED as follows:

1. Defendant Cardinal Health, Inc. and its employees, officers, agents, servants, contractors, carriers, bailees, attorneys, or persons in active concert or participation with them must take all necessary actions to prevent the destruction or alteration of what they know, or reasonably should know, will be relevant evidence in this litigation, including any evidence the destruction of which would prejudice another party.

2. "Evidence" is to be interpreted broadly to include, without limitation, writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voicemail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, disks and cards, printouts, document image files, web pages, databases, spreadsheets, software, videos, webcasts, videotapes, digital video discs, compact discs, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts,

diagrams, graphic presentations, drawings, films, digital or chemical process photographs, phonographic, tape or digital records or transcripts thereof, drafts, jottings and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata is also included in this definition.

3. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be subject to discovery under Fed.R.Civ.P. 26, 45 and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, concealment, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

4. Counsel is under an obligation to exercise reasonable efforts to identify and notify parties and nonparties, including employees and agents of corporate or institutional parties and non-parties, who possess or will possess materials reasonably anticipated to be relevant in this action.

5. Counsel for Defendant Cardinal Health, Inc. are directed to inquire of their client if the business practices of Defendant involve the routine destruction, recycling, relocation, or mutation of such materials and, if so, direct Defendant either to:

>(1) halt such business processes;
>
>(2) sequester or remove such material from the business process; or
>
>(3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

6. Defendant Cardinal Health, Inc. will, within 10 days after receiving this Order, designate an individual who shall be responsible for ensuring that Defendant carries out the

requirements of this Order.  As part of his or her requirements, this individual shall identify to the Court any documents pertaining to this litigation that have already been destroyed

Dated: 8-19-08

*[signature]*
JOHN W. DARRAH
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GINMAR CORPORATE PROMOTIONS, INC. and GINA CANTAVE, | ) ) ) | |
| Plaintiffs, | ) ) | No. 08 cv 4109 |
| v. | ) ) | Judge Darrah |
| CARDINAL HEALTH, INC. | ) ) ) | Magistrate Judge Cox |
| Defendant | ) | |

    Having given full consideration to all of Plaintiffs' papers, evidence, and the relevant authorities, all of Defendant's responses thereto, and good cause appearing, plaintiffs' motion to preserve evidence is GRANTED. It is HEREBY ORDERED as follows:

    1.    This Court finds that Defendant Cardinal Health, Inc. has failed to notify the Court that it has designated an individual to supervise the preservation of evidence and failed to identify to the Court any documents it has already destroyed within the 10 days allotted in the Court's August 19, 2008 Order.

    WHEREFORE, IT IS HEREBY ORDERED that Cardinal Health, Inc. shall appear before this Court on _____ 2008, at _____ a.m., to show cause, if any, why it should not be adjudged guilty of and punished for contempt of Court for its failure to notify the Court within 10 days that it has designated an individual to supervise the preservation of evidence and for its failure to identify to the Court within 10 days any documents it has already destroyed in accordance with the Court's August 19, 2008 Order and for other relief as may be

2

just and appropriate including payment of Plaintiffs' legal fees and costs incurred in connection with their Motion.


Dated: _____   _____
                                         JOHN W. DARRAH
                                         United States District Judge