**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GINMAR CORPORATE PROMOTIONS, INC. and GINA CANTAVE, | ) ) ) | |
| Plaintiffs, | ) ) | No. 08 cv 4109 |
| v. | ) ) | Judge Darrah |
| CARDINAL HEALTH, INC. | ) ) ) | Magistrate Judge Cox |
| Defendant | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO REQUEST PRODUCTION OF DOCUMENTS**

In support of their Motion for Leave to Request Production of Documents, Plaintiffs Gina Cantave and Ginmar Corporate Promotions, Inc. ("Ginmar"), through counsel, hereby state as follows:

**INTRODUCTION AND BACKGROUND**

On September 27, 2007, when this matter was in negotiation, Plaintiffs, through counsel, requested from Defendant information contained in Defendant's subcontracting plans with the Federal Government. (Exhibit A).

On October 18, 2007, when this matter was in negotiation, Defendant, through in-house counsel, denied Plaintiffs' request. (Exhibit B).

On July 21, 2008, Plaintiffs commenced this action before this Court.

On September 4, 2008, Plaintiffs, through counsel, renewed their request for Defendant's subcontracting plans to Defendant's trial counsel. (Exhibit C).

On September 5, 2008, Defendant, through trial counsel, again denied Plaintiffs' request.  (Exhibit D).

## ARGUMENT

Under Fed. R. Civ. P. 34(b) a Request for Production of Documents may be served before the time specified in Rule 26(d) with leave of court.  *See Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273 (N.D.Cal.2002) (applying the good cause standard to a motion to conduct discovery prior to a Rule 26(f) conference)

Here, the Plaintiffs have good cause to formally request, at this time, Defendant's subcontracting plans for the following reasons.

**First,** Defendant's subcontracting plans are well within the scope of Fed. R. Civ. P. 34, the scope of which is the broad discovery available under Rule 26.  *Del Campo v. Kennedy,* 236 F.R.D. 454 (N.D. Cal. 2006).

**Second,** Plaintiffs have already made two requests for the subcontracting plans of Defendant and the information contained therein, both of which the Defendant denied, the second denial coming as recently as this afternoon.

**Third,** Plaintiffs have a legitimate concern that Defendant will destroy, or has already destroyed, the subcontracting plans based on Defendant's failure to comply with this Court's August 19, 2008 Order to the Defendant to Preserve Evidence[1].

**Fourth,** Plaintiffs have a legitimate concern that Defendant will destroy, or has already destroyed, the subcontracting plans based on Defendant's response to Plaintiffs directing them to submit Freedom of Information Act ("FOIA") requests to various

---

[1] On September 4, 2008, Plaintiffs filed with this Court a Motion for Order to Show Cause why Defendant should not be held in contempt for violating this Order.  (Dkt. No. 27, 28).

2

Federal Agencies knowing that such requests will almost certainly be denied under the

"business records" exemption to FOIA.

## <u>CONCLUSION</u>

For all of the above reasons, this Honorable Court should GRANT Plaintiffs'

Motion for Leave to Request Production of Documents.

Dated:  September 5, 2008                           Respectfully submitted,

                                                    GINMAR CORPORATE
                                                    PROMOTIONS, INC. and GINA
                                                    CANTAVE

                                                    /s/ Steven E. Schwarz_____
                                                    Steven E. Schwarz, Esq.
                                                    THE LAW OFFICES OF
                                                    STEVEN E. SCHWARZ, ESQ.
                                                    2461 W. Foster Ave., #1W
                                                    Chicago, IL 60625
                                                    (773) 837-6134 (tel)
                                                    (773) 275-0202 (fax)
                                                    Stevenschwarz23@yahoo.com

                                                    One of Their Attorneys


                                                    Steven E. Schwarz, Esq.
                                                    THE LAW OFFICES OF
                                                    STEVEN E. SCHWARZ, ESQ.
                                                    2461 W. Foster Ave., #1W
                                                    Chicago, IL 60625
                                                    (773) 837-6134

Carl J. Mayer, Esq.                                 Walter R. Dale, Esq.
MAYER LAW GROUP LLC                                 LAW OFFICES OF WALTER R. DALE
1040 Avenue of the Americas, Suite 240              105 W. Madison Ave., 23rd Floor
New York, NY 10018                                  Chicago, IL 60602
DIRECT:  (212) 382-4686
FAX:  (212) 382-4687


                                                    Attorneys for Plaintiffs

Dated:  September 5, 2008

## CERTIFICATE OF SERVICE

I, Steven E. Schwarz, an attorney, hereby certify that, on this 5th day of

September, 2008, I filed the foregoing Memorandum in Support of Motion For Leave to

Request Production of Documents using the Court's CM/ECF system which will send an

electronic copy of the document to all counsel registered with that system.


By:  /s/ Steven E. Schwarz_____
Steven E. Schwarz, Esq.
THE LAW OFFICES OF
STEVEN E. SCHWARZ, ESQ.
2461 W. Foster Ave., #1W
Chicago, IL 60625
(773) 837-6134 (tel)
(773) 275-0202 (fax)
Stevenschwarz23@yahoo.com

Attorney for Plaintiffs

**Law Offices of**
**WALTER R. DALE**
*ATTORNEY AT LAW*
**105 West Madison Street, 23rd Floor**
**Chicago, Illinois 60602**
**Phone (312) 925-2583 – Fax (773) 288-1505 - E-Mail:wdale@wrdalelaw.com**

September 27, 2007

**CONFIDENTIAL SETTLEMENT COMMUNICATION**
**PURSUANT TO FED. R. EVID. 408**

**VIA EMAIL**

Jessica Mayer, Esq.
Cardinal Health
7000 Cardinal Place
Dublin, Ohio 43017

**Re: Ginmar Corporate Promotions, Inc. / Cardinal Health, Inc.**

Dear Ms. Mayer:

[REDACTED]

Jessica Mayer, Esq.
Cardinal Health
Page 2

[REDACTED]

# [REDACTED]

8. Was any information with respect to Ginmar, as a MBE/WBE & SDB ever included in data reported to any federal agency (other than the Internal Revenue Service), to whom Cardinal Health was under contract during the period June 2005 to June 2007 ?

We look forward to your early response to the foregoing.


Sincerely,

*Walter R. Dale*

Walter R. Dale, Esq.

Jessica L. Mayer
Assistant General Counsel – Litigation
7000 Cardinal Place
Dublin, Ohio 43017
614-757-6440  tel
614-757-5051  fax
jessica.mayer@cardinalhealth.com



**Cardinal**Health

*CONFIDENTIAL SETTLEMENT COMMUNICATION*
*PURSUANT TO FED. R. EVID. 408*

October 18, 2007

<u>**VIA OVERNIGHT DELIVERY**</u>

Walter R. Dale, Esq.
Law Offices of Walter R. Dale
105 West Madison Avenue, 23rd Floor
Chicago, IL  60602

*Re:*   ***Ginmar Corporate Promotions, Inc. / Cardinal Health, Inc.***

Dear Mr. Dale:

[REDACTED]

*Mr. Walter R. Dale*
*October 18, 2007*
*Page 2*

[REDACTED]

8. It is my understanding from Cardinal Health's Small Business
   Development group that information relating to Ginmar has been
   included in Cardinal Health's Medical Product Manufacturing
   segment's aggregated subcontracting plans to the Department of
   Defense and U.S. Department of Veterans Affairs. You may make a
   written request to those contracting agencies for the subcontracting
   plans, as I am unable to provide additional information responsive to
   this request in the current context of informal settlement negotiations.

[REDACTED]

Very truly yours,

Jessica L. Mayer

Encl.



Cantave & Ginmar v. Cardinal: Request for production of document

Thursday, September 4, 2008 12:35 PM

From: "Steve Schwarz" <stevenschwarz23@yahoo.com>

To: lscruggs@jenner.com

Cc: carlmayer@aol.com, professordale@hotmail.com

J. Mayer letter page 1.doc (350KB), J. Mayer letter page 2.doc (434KB),
J. Mayer letter page 3.doc (287KB)

Dear Ms. Scruggs,

Although discovery has not yet formally commenced in this case, we are writing to request that you immediately produce to us your client's subcontracting plans with the Department of Defense.

On September 27, 2007, when this matter was in pretrial negotiations we made the same request of your client. On October 18, 2007, Jessica Mayer, Esq., attorney for your client, denied the request. As a result, we are renewing our request to you.

Please see the attached letter from Ms. Mayer to Mr. Dale, in particular paragraph 8, which contains her denial of our request for the subcontracting plans.

We are especially concerned that these documents may be, or have already been, destroyed in light of your client's failure to comply with the Court's Order to Preserve Evidence and in light of Ms. Mayer's denial response directing us to request these documents from the Department of Defense or U.S. Department of Veteran's Affairs.

Sincerely,
Steve Schwarz

**JENNER&BLOCK**

Jenner & Block LLP    Chicago
330 N. Wabash Avenue    New York
Chicago, IL 60611-7603    Washington, DC
Tel 312 222-9350
www.jenner.com

September 5, 2008

Lisa T. Scruggs
Tel   312-840-8681
Fax  312-840-8781
lscruggs@jenner.com

**BY ELECTRONIC MAIL**

Steven E. Schwarz, Esq.
The Law Offices of Steven E. Schwarz, Esq.
2461 W. Foster Ave., #1W
Chicago, IL 60625

Re:    *Ginmar Corporate Promotions, Inc., et al. v. Cardinal Health, Inc.,*
       **Case No. 08 CV 4109**

Dear Mr. Schwarz:

[REDACTED]

Steven E. Schwarz, Esq.
September 5, 2008
Page 2

[REDACTED]

As for your request that Cardinal Health produce its "subcontracting plans with the Department of Defense," at this time, Defendant stands on its prior response.
[REDACTED]
You are of course, free to obtain your requested documents from the relevant contracting agencies.

[REDACTED]

Sincerely,

Lisa T. Scruggs

cc:    Barbara Steiner
       Ronald House