IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINMAR CORPORATE PROMOTIONS, INC. and GINA CANTAVE, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 08 CV 4109 |
| v. | )<br>) Judge John W. Darrah |
| CARDINAL HEALTH, INC., | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion of Defendant Cardinal Health, Inc. (Cardinal) to Transfer Venue to the Southern District of Ohio. (Docket Nos. 21, 22.) For the reasons stated below, the motion is granted.

### BACKGROUND

Plaintiff Gina Cantave ("Cantave") is the sole owner and founder of Plaintiff Ginmar Corporate Promotions, Inc. ("Ginmar"), a woman- and minority-owned promotional products and print representative company based in Chicago, Illinois. Cardinal is a corporation with its principal place of business in Dublin, Ohio, engaged in the business of providing products and services supporting the healthcare industry. This case arises out of a dispute over the meaning of a "Promotional Products Agreement" ("PPA") entered into between Ginmar and Cardinal whereby Ginmar was to supply to Cardinal custom promotional products, such as awards, mementoes and specialized company apparel. Plaintiffs contend Cardninal breached its obligations to purchase

1

products from Ginmar under the PPA, which constitutes an "exclusive agreement." Plaintiffs have filed an eleven-count complaint, alleging various contract and tort claims against Defendant arising out of Cardinal's alleged breach.

Before Plaintiffs filed this suit on July 21, 2008, the parties attempted to resolve their dispute through negotiation and mediation. Those efforts failed. On July 11, 2008, Plaintiffs sent Cardinal a letter stating that if the parties could not resolve their differences, Plaintiffs intended to file a lawsuit on July 21, 2008. (Pltfs. Ex. A.) However, on July 18, 2008, Cardinal filed a declaratory judgment action concerning the meaning of the PPA in the Southern District of Ohio, *Cardinal Health, Inc. v. Ginmar Corporate Promotions, Inc.*, Case No. 2: 08 CV 697 (the "Ohio action"). In the Ohio action, Cardinal seeks a declaration that it substantially performed its obligations under the PPA, which it contends was neither a requirements nor an exclusive contract.

## ANALYSIS

Cardinal moves to transfer this action to the Southern District of Ohio. Cardinal first contends the claims in the Ohio action are essentially the mirror image of the claims in this action and should be heard as compulsory counter-claims in the Ohio action under the first-to-file rule. (Def. Mem. at 6-7.) Second, Defendants contend, transfer of venue is appropriate under 28 U.S.C. § 1404(a). Plaintiffs contend that transfer is not appropriate on either basis.

### *First to File*

Under the "first to file" rule, district courts normally stay or transfer a federal suit "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel

action already pending in another federal court." *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (*Serlin*). The Court, at its discretion, determines whether one action duplicates another. *Serlin*, 3 F.3d at 223. Duplicative suits generally involve the same claims and parties. However, the Seventh Circuit does not rigidly adhere to the first-to-file rule. *See Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). In addition, courts refuse to apply the first-to-file rule where forum shopping motivated the first-filed action, or the first-filed action constitutes an "improper anticipatory filing" made under threat of an imminent suit and asserting the mirror image of that suit in another district. *Barrington Group Ltd. v. Genesys Software Sys., Inc.*, 239 F.Supp.2d 870, 873 (E.D. Wis. 2003) (*Barrington*). As the Seventh Circuit has recognized, a suit for declaratory judgment should not be used as a tool "aimed solely at wresting the choice of forum from the 'natural plaintiff.'" *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002). Thus, a declaratory judgment action that is brought in the face of clear threats of suit and seeking a determination that no liability exists will be closely scrutinized as a potentially improper anticipatory filing if the other party proceeds to file. *Barrington*, 239 F.Supp.2d at 873-74.

Here, Cardinal filed the Ohio action shortly after being notified that Plaintiffs anticipated filing suit on July 21. Since it appears Cardinal filed the Ohio declaratory judgment action in the face of a clear threat that Plaintiffs would sue, this case presents an exception to the first-to-file rule. *See Barrington*. No consideration will be given to the fact that Cardinal filed first in Ohio.

3

## 28 U.S.C. § 1404(a)

This leaves the propriety of transfer under 28 U.S.C. § 1404(a). Transfer under Section 1404(a) is appropriate when: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Vendeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). The movant has the burden of establishing that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986) (*Coffey*). In analyzing the third prong of Section 1404(a), courts consider many factors: (1) the plaintiff's choice of forum; (2) the locations of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D. Ill. 2000). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion" of the court. *Coffey*, 796 F.2d at 219-20.

Cardinal contends that jurisdiction and venue are proper in Ohio, and the factors under the third prong of Section 1404(a) weigh heavily in favor of transfer. Cardinal contends the overwhelming majority of facts alleged in Plaintiffs' complaint indicate that this dispute pertains to events that occurred primarily in Ohio, not Illinois. Cardinal relies on Plaintiffs' allegations that: (1) Cardinal invited Plaintiffs to bid on an exclusive contract at a meeting in Dublin, Ohio; (2) Cardinal announced at a presentation in Dublin that Ginmar had been given the opportunity to bid, and Cantave spoke to the Ohio

4

audience there; (3) Ginmar's bid was sent to Ohio; (4) Plaintiffs' expectation that Cardinal would order custom products from them arose in part from meetings held in Ohio and attended by Cantave; (4) the "clique" of Cardinal employees who allegedly "sabotaged" the PPA were located in Ohio; (5) Cantave held various conversations with Cardinal employees who worked in Ohio about Ginmar's belief that they should have received various orders under the PPA; (6) Cardinal allegedly promised Cantave a three-year contract extension at a meeting in Ohio; and (7) as part of Cardinal's scheme to use Ginmar's minority-supplier status for its own agenda, Cardinal had Cantave attend a gala event in Ohio to help it compete for an award recognizing commitment to diversity. (Def. Mem. at 9.)

Second, Cardinal contends the relative ease of access to sources of proof and the convenience to the many likely witnesses also favors transfer. Cardinal asserts that Plaintiffs' complaint names over twenty Cardinal employees involved in this dispute, the "overwhelming majority" of whom were based in Ohio at the time of their alleged activity. In addition, Cardinal contends, at least six of these employees are no longer employed by Cardinal and are therefore now non-party witnesses who are within the subpoena power of the Ohio court, but not this Court. (Def. Mem. at 12-13.)

Third, Cardinal contends transfer is in the interest of justice because the PPA expressly states that it is governed by Ohio law, and the "home state" forum – the Southern District of Ohio – is in a better position to address likely issues (such as the

parole evidence rule, the effect of the PPA's integration clause and other matters) of Ohio law. Finally, Cardinal asserts the case will likely proceed more quickly in Ohio (based on information obtained from the Judicial Caseload Profile of the United States District Courts). (Def. Mem. at 15.)

Plaintiffs in response contend that substantial deference should be given to their choice of forum in their home state. In addition, they contend venue is more appropriate here because Cardinal has conceded that this is an appropriate forum; whereas, Plaintiffs are contesting personal and subject-matter jurisdiction in the Ohio action and have filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") that this case and the Ohio action be coordinated and transferred here for pretrial litigation.[1] Although Plaintiffs do not dispute Cardinal's assertions that Ohio is the location of most of the pertinent events and witnesses (and Plaintiffs do not dispute that issues of Ohio law are involved), Plaintiffs contend there are also pertinent contacts with Illinois, namely, that Plaintiffs processed all of its orders in Illinois and signed the PPA here. (Pltf. Mem.at 10.) Plaintiffs state that there are also likely witnesses in Illinois (although they do not name any) (Pltf. Mem. at 13); that "most of the relevant documentary evidence in this case is actually located in Cardinal's McGaw Park, Illinois facility, not its Dublin, Ohio headquarters" (Pltf. Mem. at 13); and that Cardinal has not made any showing that any of the non-party witnesses located in Ohio would be unwilling to testify here.

---

[1] Plaintiffs state they anticipate that the JPML will hear its motion at its next session sometime this November.

(Pltf. Mem. at 13.) Finally, Plaintiffs contend that the interests of justice dictate that this case proceed here, as proceeding in Ohio would be "incredibly inconvenient and burdensome" for Plaintiffs. Plaintiffs state:

> Ginmar is a small, woman and minority-owned Illinois company and Ms. Cantave is an Illinois resident. It would be incredibly inconvenient and burdensome to force Ginmar to litigate in Ohio.

(Pltf. Mem. at 12.) Plaintiffs submit the affidavit of Cantave, who states:

> I am now Ginmar's only employee, and would be hard pressed to both appear as a litigant in a foreign jurisdiction, while at the same time maintaining the remnants of my company in Chicago. I furthermore have personally suffered dire financial consequences, to the extent that my credit rating is exhausted, I have been forced to list my own home for sale, and, in recent times, have often had to rely upon the charity of my family and friends in order to make ends meet.

(Pltf. Ex. I, Cantave Aff., ¶ 30.)

The parties' briefs and arguments have been considered. Venue is proper in this forum, and the Court finds that venue and jurisdiction would also be proper in Ohio. Therefore, whether this case should be transferred depends upon the factors set forth in the third prong of Section 1404(a). Of those factors, the convenience of the parties tilts toward maintaining the case here. Proceeding in Ohio would be inconvenient and burdensome for Plaintiffs; whereas, Cardinal conducts business in Illinois and has not asserted that it would be inconvenienced by proceeding here. The convenience of the likely witnesses, however, tilts toward transfer, as most of the likely witnesses – both party and non-party – are located in Ohio or elsewhere, and Ohio is the location of most of the material events in the dispute. Further, there is merit to Defendant's argument that the federal court in Ohio is better suited to addressing the likely issues of Ohio law, but

this is not a significant factor. This Court is certainly able to apply the law of a foreign jurisdiction, as is done in many diversity matters. Both states have an interest in litigating the dispute.

On balance, the Court finds Ohio is the more appropriate forum under 28 U.S.C. § 1404(a). The Court is sympathetic to Plaintiffs' desire to litigate this dispute here; however, the material events regarding this dispute took place in Ohio. A plaintiff's choice of forum is entitled to less deference where, as here, it is not the location of the material events. *Tingsol Co. v. Rainbow Sales, Inc.*, 18 F. Supp.2d 930, 933 (N.D. Ill. 1998) (*Tingsol*). Furthermore, although proceeding in Ohio will burden and inconvenience Plaintiffs, this burden to one party is offset by the convenience to the majority of witnesses located in Ohio. Ohio is the more convenient forum for the likely witnesses. *See Tingsol*, 18 F. Supp.2d at 933 (the convenience of the witnesses is often viewed as the most important factor in the transfer balance). Finally, prudent use of judicial resources counsels that a dispute involving events in Ohio and raising issues of Ohio law be tried by the federal court in the "home state," Ohio.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Transfer Venue to the Southern District of Ohio is granted.

Date: 11-12-08

JOHN W. DARRAH
United States District Court Judge